Argued October 18, modified December 4, 1923, rehearing denied
February 26, 1924.

## MAX LOEB *v.* E. E. MERGES.

(220 Pac. 572.)

**Joint Adventures—Joint Owner of Option on Land Held not to have
Abandoned His Interest Therein, Precluding His Right to Profits
on Purchase by Other.**

In suit for accounting for profits of an alleged sale of an improved
city lot controlled by plaintiff and defendant under exclusive right
and option to purchase or sell it, evidence *held* to show no such
abandonment by plaintiff as to exclude him from participation in
profits realized by defendant after his individual purchase of the lot.

From Multnomah: WALTER H. EVANS, Judge.

Department 1.

This was a suit for an accounting for the profits
of an alleged sale of a certain house and lot in the
City of Portland. On September 21, 1920, E. E.
Merges and Max Loeb secured from Mr. Abe Meier
an option to sell or purchase the property therein
described for the sum of $10,000, to be paid as
therein set forth. The option is as follows:

"September 21, 1920.
"Messrs. E. E. Merges and Max Loeb,
    "Portland, Oregon.
"Gentlemen:
"You are hereby given exclusive right and option
to purchase or sell my lot at the southwest corner of
11th and Mill Streets, in the City of Portland, Ore-
gon, for the sum of $10,000 net, payments to be
$5,000 on or before three years, with interest at the
rate of seven per cent per annum payable annually,
and to be secured by first mortgage on the premises.

Mutual rights and liabilities of parties to joint adventure, see
notes in 17 Ann. Cas. 1022; Ann. Cas. 1912C, 202; Ann. Cas. 1914C,
691; Ann. Cas. 1916A, 1210.

"Unless purchase or sale is made within thirty days of this, the 21st day of September, 1920, this option is void.

"Hoping this is satisfactory to you, I am,
"Very respectfully yours,
"(Signed)   A. MEIER."

Afterward, having proceeded under this option until nearly the expiration thereof and having made several attempts to sell the property, from one of which they received a forfeit from an intending purchaser of $500, they applied to Mr. Meier to extend the option and on October 20th he gave an extension in the following language:

"Oct. 20, 1920.
"In consideration of the sum of $500, this option is extended to the 1st day of December, 1920.   In case option exercised, price of property to be $9,500.
"(Signed)   A. MEIER."

Both parties seem to have worked diligently to procure a sale of the property, but, failing to do so, along about the expiration of the option they again applied to Mr. Meier and received a further extension, which is in the following words:

"For a valuable consideration, I hereby extend the above option for the period of thirty days from and after Dec. 1st, 1920.
"(Signed)   A. MEIER."

The testimony of both parties is to the effect that, as between themselves, there was no intention of buying the property, but that their agreement was to sell it for whatever they could get over and above the price named in the option and divide the proceeds equally. Up to the latter part of December, not earlier than the 24th, neither party had succeeded in obtaining a purchaser, nor does the evidence indicate

to our minds any greater probability that one could have been found within the life of the option, other than the arrangement herein detailed. Along about the 28th or 29th of December Merges succeeded in making an arrangement by which he induced a Mr. Ferris to agree to take one-third of the property for $3,000 cash, and a Mr. Rogers to take a third in exchange for an automobile which was valued at $2,000, and proposed to plaintiff (Loeb) that he and Loeb should put up the remainder of the money required, which was $500, and take the other third themselves. He did not disclose to Loeb who the other parties were and Loeb hesitated to go into such an arrangement, whereupon, on the 31st, being told by Mr. Meier that the option would not be further extended, Merges paid $500 of his own money, taking a deed to himself and giving a mortgage for $6,000, the remainder of the purchase price; and thereafter he deeded to Ferris a one-third interest for $3,000, Ferris agreeing to assume the payment of $2,000 on the mortgage, and to Rogers another third for the nominal consideration of $2,000, Rogers agreeing to assume $2,000 of the Merges mortgage. This left Merges the owner of an undivided one-third and primarily liable on the note and mortgage for $6,000, his protection against paying this being the agreement of Ferris and Rogers each to assume $2,000 of the mortgage.

The plaintiff sues for an accounting and claims that the market value of the property is $14,000 and that Merges' profit on the sale is $4,000, and demands one-half, and this the Circuit Court allowed.

MODIFIED. REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Thomas Mannix* and *Mr. Roy C. Taylor,* with an oral argument by *Mr. Mannix.*

For respondent there was a brief and oral argument by *Mr. W. B. Shively.*

PER CURIAM.—Without discussing at length the testimony, which can be of interest only to the parties and their attorneys and of no value in the Reports, we have come to the conclusion that there was no such abandonment of the contract between Merges and Loeb as ought to exclude Loeb from participation in the profits realized.

There is some slight evidence as to the market value of the property. It is very evident that Mr. Meier, head of one of the largest business concerns in Oregon and a financier of undoubted ability, was exceedingly anxious to dispose of the property for $10,000. It is also very evident that after several months of earnest endeavor neither Mr. Loeb nor Mr. Merges had succeeded in finding a purchaser whom they were able to bring to the point of a *bona fide* contract, excepting Moore, who agreed to take the property at $13,000 but was unable to comply with it and forfeited the $500 which he had advanced, which sum was paid to Mr. Meier to procure the first extension of time on the option and which fact accounts for this extension reciting a consideration of $9,500 instead of $10,000.

The sole evidence of the value of this property is the fact that Meier was willing to take $10,000 for it and actually deeded it to Merges for that sum, and the fact that Ferris was willing to pay $3,000 for a

third and assume $2,000 of the mortgage, and that Rogers was willing to pay $2,000 for a third and assume $2,000 of the mortgage. The situation as to the profits is this: Merges has one-third of the property, with a primary liability for $6,000 yet to be paid, and the other two have each a third of the property, subject to an agreement with Merges to pay $4,000 of the indebtedness due from Merges to Meier. Any estimate of the value of the property from this scant data must be, to a large extent, speculative, especially when we take into consideration that, to protect himself, Merges must pay the taxes, or at least his proportion of the taxes, upon the property; that he has already paid $500, which is $250 more than his share if Loeb had shown a disposition to deal equitably and share in the responsibilities as well as the profits of the transaction.

We think the estimate of the court below, of a profit of $4,000 on the transaction, is excessive, there being no cash profit made or realized by Merges so far on the transaction. Whether he makes any profit on his third, or any profit on the sale at all, must depend on contingencies, which at present cannot be fairly predicted. In our judgment Merges was wrong in not more fully explaining matters to his associate, when, if he had done so, it was at least possible that he would have advanced his share of the $500 which was paid to Mr. Meier at almost the last moment in which to bind the bargain. The evidence indicates that Loeb found the bargain in the first place and that it was probably largely owing to his personal influence with Mr. Meier that the contract was procured, and because he hesitated to advance money upon a mere partial statement by Merges of the nature of his contract and his associates in the deal he should not

now be declared to have abandoned the contract entirely; but he should have such equitable relief as, under the circumstances, will do justice to Merges and at the same time reimburse him for his labors in procuring the option. At one time Mr. Merges was of the opinion that $1,200, payable $200 down and the balance in ten months at $100 a month, would have been a fair compensation, and in our judgment the offer was exceedingly liberal and ought to have been accepted.

We will, therefore, modify the decree of the court below so as to require Merges, the defendant, to account to the plaintiff for the sum of $1,200 as profits, and to pay the same, and that neither party shall recover costs in this court or in the court below.

MODIFIED.  REHEARING DENIED.